*E-FILED - 6/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC FLORES,<br><br>   Petitioner,<br><br> vs.<br><br>JOE MCGRATH, Warden,<br><br>   Respondent. | No. C 04-2382 RMW (PR)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket Nos. 7, 8) |

  Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his validation as an active gang member and placement in Pelican Bay State Prison's secured housing unit ("SHU"). On December 5, 2007, the court dismissed the instant petition without prejudice because petitioner did not challenge the duration or legality of his confinement or sentence under § 2254. The court noted that petitioner's claims were more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983. The court entered a judgment of dismissal without prejudice on December 5, 2007. On December 26, 2007, petitioner filed a motion for reconsideration, a notice of appeal and a request for final judgment. The court DENIES petitioner's motion for reconsideration and DENIES a certificate of appealability.

Petitioner's request for final judgment is DENIED as moot because the court entered a final judgment on December 5, 2007.

## DISCUSSION

A.   <u>Motion for Reconsideration</u>

Petitioner has filed a motion for reconsideration as to the court's dismissal of the instant habeas action without prejudice. Petitioner states that he is challenging the sentence imposed on him by the California Department of Corrections and Rehabilitation ("CDCR") resulting from a guilty finding for his being an active gang member. Petitioner contends that his term in Pelican Bay State Prison's SHU was extended and as a result, his prison term also was extended. Petitioner claims that his continuous term in the SHU prevents him being granted parole. Pet.'s Mot. at 1-3.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See <u>Twentieth Century - Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970)). Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See <u>Am. Ironworks & Erectors v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 898-99 (9th Cir. 2001).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. See Fed. R. Civ. P. 60(b). A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, <u>see id.</u>; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a

1  Rule 60(b) motion.  See Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1404 (9th
2  Cir. 1997).
3        Rule 60(b) provides for reconsideration where one or more of the following is
4  shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered
5  evidence which by due diligence could not have been discovered before the court's
6  decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has
7  been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist.
8  11 v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  "Rule 60(b) [] provides a
9  mechanism for parties to seek relief from a judgment when "it is no longer equitable that
10  the judgment should have prospective application," or when there is any other reason
11  justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir.
12  2004) (quoting Fed. R. Civ. P. 60(b)).
13        The court finds that petitioner fails to satisfy the requirements under Rule 60(b)
14  discussed above.  The court concluded that petitioner's claims concerning his active gang
15  validation and continuous confinement in the SHU did not challenge the duration or
16  legality of his confinement or sentence under § 2254.  Petitioner has not established that a
17  successful challenge to his SHU term would accelerate his release on parole, or shorten
18  his underlying criminal sentence.  The court dismissed the instant habeas action without
19  prejudice to petitioner's filing a civil rights action pursuant to 42 U.S.C. § 1983 to
20  address his claims.  Accordingly, petitioner's motion for reconsideration (docket no. 7) is
21  DENIED.
22  B.    Certificate of Appealability
23        Petitioner has filed a notice of appeal as to the court's dismissal of the instant
24  habeas action without prejudice, which the court construes as a request for a certificate of
25  appealability.  Upon the filing of a notice of appeal and a request for a certificate of
26  appealability (COA), the district court shall indicate which specific issue or issues satisfy
27  the standard for issuing a certificate, or state its reasons why a certificate should not be
28  granted.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)

1 (citing 28 U.S.C. § 2253(c)(3)).

2     As discussed above, the court concludes that petitioner has not shown "that jurists
3 of reason would find it debatable whether the petition states a valid claim of the denial of
4 a constitutional right and that jurists of reason would find it debatable whether the district
5 court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604
6 (2000). Accordingly, petitioner's request for a certificate of appealability (docket no. 8) is
7 DENIED.

## CONCLUSION

9     Petitioner's motion for reconsideration (docket no. 7) is DENIED.  Petitioner's
10 request for a certificate of appealability (docket no. 8) is DENIED.  The clerk shall
11 transmit the file, including a copy of this order, to the Court of Appeals. See Fed. R. App.
12 P. 22(b).[1]

13     IT IS SO ORDERED.
14 DATED: 5/23/08

*Ronald M. Whyte*
RONALD M. WHYTE
15 United States District Judge

---

27     [1] Petitioner may then ask the Court of Appeals to issue the certificate, see Fed. R. App. P.
22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see Fed. R.
28 App. P. 22(b)(2).

Order Denying Petitioner's Motion for Reconsideration; Denying Certificate of Appealability
P:\pro-se\sj.rmw\hc.04\Flores382coaden            4